UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KIMBERLY PARKER-BILLINGSLEY,

    Defendant.

Case No. 3:14-cv-307

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 6) BE GRANTED; (2) JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF IN THE AMOUNT OF $285,850.00 PLUS ACCRUING INTEREST; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

This federal student loan case is before the Court on the government's motion for a default judgment. Doc. 6. Defendant failed to file a memorandum in opposition, and the time for doing so has expired. The Court has carefully considered the government's complaint, attachments to the complaint, the motion for default judgment and evidence submitted in support, and the government's motion is now ripe for decision.

**I.**

Defendant Kimberly Parker-Billingsley, a Dayton, Ohio resident, personally executed and delivered one or more promissory notes to the government totaling $79,189.00, and agreed to repay that sum as set forth by the terms of the notes. Doc. 1 at PageID 1; doc. 1-2 at PageID 4-50. Although the governemnt demanded payment of the obligations due and owing, Defendant failed to do so, and the entire balance has now become due and payable. Doc. 1 at Page 1. After all payments are properly credited, the entire unpaid balance due and owing to the government

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

from Defendant is $285,850.00 ($284,437.56 in principal, plus $1,412.44 in interest) accrued through April 1, 2014, with additional interest accruing on the principal balance from said date at the rate of 3.125 percent per annum.  *See* Doc. 1-3 at PageID 51-53.

On September 15, 2014, the government filed this lawsuit seeking judgment against Defendant in the amount of $285,850.00 accrued through April 1, 2014, and additional interest on the principal balance from said date at the rate of 3.125 percent per annum to the date of judgment.  Doc. 1 at PageID 2.  The government served Defendant with process on November 18, 2014, making an answer to the complaint due on or before December 19, 2014.  *See* doc. 3 at PageID 55-56; *see also* Fed. R. Civ. P. 12(a)(1).  Defendant failed to answer or otherwise defend against the claims asserted, and, therefore, the Clerk properly docketed an entry of default upon the government's application.  *See* docs. 4, 5.  The government now moves for a default judgment.  Doc. 6.

## II.

Applications for a default judgment are governed by Fed. R. Civ. P. 55(b)(2).  Upon default by a defendant, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven."  *Broadcast Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011) (citations omitted).  Thus, "while liability may be shown by well-pleaded allegations, '[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"  *Id*. (citations omitted) (alterations in original).  To determine damages, a court need not conduct an evidentiary hearing where damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *Wilson v. D&N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014).

Here, the government seeks default judgment for the sum certain of $285,850.00 through April 1, 2014 plus additional interest on the principal balance from that date at the rate of 3.125 per annum to the date of judgment.  Doc. 6 at PageID 61, 63.  The government evidences the amount of damages through presentation of a detailed affidavit submitted in support of its motion, doc. 6 at PageID 63, as well as a sworn accounting[2] attached as part of the complaint, doc. 1-3 at PageID 51-53.  Because the amount claimed by the government is supported by affidavits and capable of ascertainment from definite figures contained in the documentary evidence, a hearing on damages is not required, and default judgment can be entered accordingly.  *See Wilson*, 2014 WL 30016, at *1.

**III.**

Based upon the uncontested evidence presented by the government, the undersigned **RECOMMENDS** that that judgment is entered in the favor of the United States of America and against Defendant Kimberly Parker-Billingsley in the amount of $285,850.00 through April 1, 2014; plus additional interest on the principal balance from said date at the rate of 3.125 per annum to the date of judgment; plus additional interest from the date of judgment at the legal interest in effect on the date of judgment, computed daily and compounded annually until paid in full.  The undersigned also **RECOMMENDS** that the government also be awarded its costs as determined by the Clerk of Courts.

Date:   February 10, 2015                             *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 1746, "[w]herever, under . . . any rule . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury[.]"

3

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).